## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID SPECTOR, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> L'ORÉAL USA, INC. and VALEANT PHARMACEUTICALS INTERNATIONAL, INC, <br><br> Defendants. | Case No.:  1:17-cv-09123-RJS <br><br><br> **JURY TRIAL DEMANDED** |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff David Spector ("Plaintiff") brings this action on behalf of himself and all others similarly situated who purchased CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and CeraVe Body Lotion SPF 30 (collectively, the "Products"), against L'Oréal USA, Inc. ("L'Oréal") and Valeant Pharmaceuticals International, Inc. ("Valeant", collectively "Defendants"), and allege as follows:

### NATURE OF THE ACTION

1.       Consumers, like Plaintiff and the putative classes, buy sunscreen to prevent sunburns and other harmful health effects caused by exposure to UV radiation. Sunscreen prevents burning and decreases skin's exposure to UV radiation by absorbing UV radiation on the skin or by reflecting or scattering part or all of the UV radiation away from the skin.

2.       Sun Protection Factor ("SPF") informs the consumer of the level of sunburn protection provided by the sunscreen.  A sunscreen with a higher SPF, such as SPF 50, should

filter out more UV radiation and provide more protection as compared to a sunscreen with a lower SPF.

3.    This is a mislabeling case regarding types of sunscreen manufactured by Defendants – CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and CeraVe Body Lotion SPF 30 – that Defendants labeled, marketed, advertised, and sold as "SPF 30" or "SPF 50" when in fact they were not.  Plaintiff's claims arise solely out of Defendants' misrepresentation on the label of each and every bottle of the Products that the sunscreen contained therein was "SPF 30" or "SPF 50".

4.    Plaintiff is one of the hundreds of thousands of consumers who have purchased the Products based upon the advertised SPF number. Consumers, like Plaintiff, reasonably expect that a bottle labeled "SPF 50" or "SPF 30" will have an SPF of at least 50 or 30, respectively, and not a significantly lower amount of protection.

5.    However, testing conducted by counsel for Plaintiff in accordance with FDA sunscreen testing protocols revealed that CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and CeraVe Body Lotion SPF 30 each fail to meet those labelled SPFs.  In the case of the Body Lotion SPF 50, Plaintiff's testing showed an SPF average value of 17.4.  In the case of the Face Lotion SPF 30, Plaintiff's testing showed an SPF average of 15.  In the case of the Body Lotion SPF 30, Plaintiff's testing showed an SPF average of 16.

6.    Plaintiff brings this putative class action seeking damages sustained as a direct and proximate result of Defendants' violations of state statutory and common law as outlined in greater detail herein, in connection with Defendants' marketing and sales of CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and CeraVe Body Lotion SPF 30.  Plaintiff and putative class members have been, and continue to be, injured by Defendants' pattern and practice of placing

2

into the stream of commerce sunscreen products containing a false SPF number, and largely inflated UV protection numbers, which Defendants manufacture or manufactured, distribute or distributed, and sold or sell.

7.      Defendants currently or have, within the statute of limitations, distributed, marketed, produced, manufactured, and sold sunscreen products under the brand name "CeraVe".

8.      The CeraVe product line is specifically marketed toward people who are seeking "full[] sun protection" and want "healthy skin".[1]

9.      Defendants have known, or should have known, for years that the Products contain less UV protection than Defendants advertise, causing Plaintiff and Class members to rely on a product which contains a false and significantly inflated SPF number.

10.     All claims in this matter arise from the identical, false written affirmative statements on the product label as outlined in detail herein – that CeraVe Body and Face Lotion SPF 30 were "SPF 30" when, in fact, they were not and that CeraVe Body Lotion SPF 50 was "SPF 50" when it was not.

11.     Defendants' statements are false and misleading to a reasonable consumer because the Products do not have the advertised level of SPF. These statements are likely to deceive the public.

12.     Despite knowledge of their material misrepresentations or omissions, Defendants have not offered to compensate their customers to remedy their damages.

13.     Had Plaintiff and members of the putative classes known that the Products have less SPF protection than Defendants otherwise advertise, Plaintiff and members of the putative classes would not have purchased the sunscreen or would have paid less for it.

---

[1] http://www.cerave.com/Our-Products/Sunscreen, last accessed Nov. 17, 2017.

3

14.    As a direct and proximate result of Defendants' deceptive acts and practices in connection with the sale of the Products, Plaintiff and members of the putative classes have sustained economic injury by paying for a falsely advertised product that did not perform as advertised and being deprived of the benefit of the bargain.

15.    Plaintiff seeks damages and equitable remedies under statutory and common law claims for himself and members of the putative classes. Identified definitively below, the putative classes include consumers who have purchased CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and CeraVe Body Lotion SPF 30.

## JURISDICTION & VENUE

16.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, to a reasonable probability; and (iii) there is minimal diversity because at least one Plaintiff is a citizen of a state different from at least one Defendant.

17.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 inasmuch as (i) Defendant L'Oréal USA, Inc. is headquartered in this District; (ii) many of the acts and transactions giving rise to this action occurred in this District; (iii) Defendants are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets within this District through the marketing, distribution and sale of their products in this District; and (iv) Defendants currently do substantial business in this District.

## PARTIES

18.    Plaintiff David Spector is a citizen of New Jersey, domiciled in Voorhees, New Jersey. On or about August 6, 2017, Plaintiff purchased CeraVe Body SPF 30 and CeraVe Face SPF 30 at a CVS Pharmacy in Ocean City, New Jersey. Plaintiff purchased CeraVe Body SPF 50

4

from CVS Pharmacy located in Voorhees in New Jersey sometime in the 2016 time frame. Plaintiff has purchased CeraVe Body SPF 30, CeraVe Face SPF 30, and CeraVe Body SPF 50 several times during the statute of limitations, including both before and after March 6, 2017, and will purchase those sunscreens again in the future.  Had Plaintiff known that CeraVe Body SPF 30 and Face SPF 30 did not, in fact, have an SPF of 30, or that CeraVe Body SPF 50 did not actually have an SPF of 50, he would have paid less for them, or he would not have bought them.

19.    Defendant L'Oréal USA, Inc. is a Delaware corporation with its principal place of business at 10 Hudson Yards, New York, New York, 10001.  L'Oréal USA, Inc. is a subsidiary of L'Oréal S.A., a French corporation.

20.    On March 6, 2017, L'Oréal purchased the CeraVe product line from Defendant Valeant as part of a multi-product line $1.3 billion purchase.

21.    Defendant Valeant Pharmaceuticals International, Inc. is a Canadian corporation headquartered in Laval, Quebec.  Valeant's American headquarters are located at 400 Somerset Corporate Blvd., Bridgewater, New Jersey, 08807.

## STATEMENT OF FACTS

A.    ***Consumer Reports* Articles**

22.    In the summer of 2016, *Consumer Reports* published an article stating that, according to its research, **43 percent of sunscreen products fail to meet the SPF claim on the label.**[2]

_____

[2] *Consumer Reports Finds That Nearly Half of Sunscreens Tested Did Not Meet Their SPF Claims*, CONSUMERREPORTS.ORG., http://www.consumerreports.org/media-room/press-releases/2016/05/consumer-reports-finds-that-nearly-half-of-sunscreens-tested-did-not-meet-their-spf-claims-/ (last visited Nov. 17, 2017).

23.    In particular, *Consumer Reports* noted that mineral-based sunscreens, such as CeraVe, "are far more likely [than chemical-based sunscreens] to fall short of their promised SPF." It noted that **74 percent** of mineral-based sunscreens did not meet their SPF claims.

24.    In response, Senator Chuck Schumer of New York called on the FDA to "launch a full-on investigation into deceptive SPF marketing."[3]

25.    In May of 2017, *Consumer Reports* published a similar report on sunscreen SPF and noted that the FDA stated in June 2016 in response to last year's article that "the agency had the resources for only about 30 employees to cover more than 100,000 over-the-counter drugs."[4] Additionally, the article noted that the FDA does not routinely test sunscreens itself. Manufacturers must test their own sunscreens, but their results need not be reported to the FDA until or unless the FDA requests them.

**B.    CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and CeraVe Body Lotion SPF 30**

26.    CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and CeraVe Body Lotion SPF 30 are or have been produced, manufactured, sold and distributed by Defendants at all times relevant to this complaint.

27.    Specifically, the Products were manufactured, labeled, sold, and distributed by Valeant prior to March 6, 2017, and by L'Oréal as of March 6, 2017 and thereafter.

---

[3] *Schumer:  New Report Shows Nearly Half of All Sunscreens Make False Claims About SPF Protection,* SCHUMER.SENATE.GOV., https://www.schumer.senate.gov/newsroom/press-releases/schumer-new-report-shows-nearly-half-of-all-sunscreens-make-false-claims-about-spf-protection-senator-pushes-fda-to-test-sunscreens-confirm-true-spf-numbers-and-crackdown-on-labels-that-promise-protection-but-instead-leave-consumers-burned  (last visited Nov. 17, 2017).
[4] Trish Calvo, *Get the Best Sun Protection,* CONSUMER REPORTS (MAY 18, 2017), http://www.consumerreports.org/sun-protection/get-the-best-sun-protection/ (last visited Nov. 17, 2017).

28.     CeraVe's website sets forth that Body Lotion SPF 50 is sold as a three-ounce tube, while Face Lotion SPF 30 is sold in a 2.5-ounce tube and Body Lotion SPF 30 is sold in a 3.5— ounce tube.[5]

29.     The Products are available online and in hundreds of retail stores, including but not limited to Walgreens, CVS, Overstock.com, Amazon.com, and Target.

30.     SPF – which stands for Sun Protection Factor – is a standardized rating system for measuring the fraction of sunburn-producing UV rays that reach the skin, which is based on objective evidence and standardized protocols.

31.     The SPF number stands for the approximate measure of time a person who has applied the sunscreen can stay out in the sun without getting burned, compared to the amount of time a person with no protection will get burned in similar conditions.

32.     Thus, SPF 50 will allow a person to stay in the sun 50 times longer without burning than if that person were wearing no protection at all.  SPF 30 will allow a person to stay in the sun 30 times longer without burning than if that person were wearing no protection at all.

**C.     Defendants' Uniform Written Misrepresentations on the Label of the Product**

33.     Since the initial offering of the Products, each and every container of the Products have borne a uniformly-worded label which identifies the name of the product in large letters on the front as "SPF 30" or "SPF 50" as depicted in Figures 1-3, below.

---

[5] *See* http://www.cerave.com/Our-Products/Sunscreen, last accessed Nov. 17, 2017.

<u>Figure 1</u>



Figure 2



**Figure 3**



34.     In actuality, rigorous scientific testing has revealed that the Products do not provide an SPF of 30 or of 50, as stated on the packages.

35.     Such testing includes, but is not limited to, testing conducted by the noted consumer protection periodical *Consumer Reports*, which reported in May of 2017 that its own testing had revealed that CeraVe Body Lotion SPF 50 had an SPF of 25 or less and stated "This product is

Poor in its variation from SPF."[6]  In the context of *Consumer Reports*' testing, this means that the measured SPF was "Below 50% labeled SPF."[7]

36.    Similarly, *Consumer Reports* testing revealed that CeraVe Face Lotion SPF 30 had an SPF of 15 or less and stated "This product is Poor in its variation from SPF."[8]  In the context of *Consumer Reports*' testing, this means that the measured SPF was "Below 50% labeled SPF."

37.    In addition, Plaintiff conducted his own independent testing of CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and CeraVe Body Lotion SPF 30, utilizing the methodology for SPF testing mandated by the FDA.

38.    The independent testing conducted by Plaintiff was conducted in compliance with all FDA testing methods embodied in FDA Final Rule, 21 CFR Parts 201 and 310, (Federal Register/Vol 76, No 117/Friday, June 17, 2011/Rules and Regulations, including 21 CFR 201.327).

39.    Specifically, in August of 2017, Plaintiff sent a sample of CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and CeraVe Body Lotion SPF 30 to Clinical Research Laboratories, LLC ("CRL"), a laboratory located in Piscataway, New Jersey, for independent testing of the product's SPF.

40.    The results of the independent testing conducted by Plaintiff were consistent with the *Consumer Reports* test results and confirmed that the Products had an actual SPF substantially lower than the claimed SPF 30 or 50.  Specifically, the results of the independent testing indicated

---

[6] https://www.consumerreports.org/products/sunscreen/cerave-sunscreen-body-lotion-spf-50-387310/overview/, last accessed Nov. 17, 2017.
[7] *Sunscreens*, CONSUMERREPORTS.ORG, http://www.consumerreports.org/cro/sunscreens.htm, last accessed Nov. 17, 2017.
[8] https://www.consumerreports.org/products/sunscreen/cerave-face-lotion-spf-30-295019/overview/, last accessed Nov. 17, 2017.

an average value of 13.2 for the Face SPF 30, an average value of 10.4 for the Body SPF 30, and an average value of 13.7 for the Body SPF 50.

41.    An SPF of 10.4 or 13.2 offers significantly less protection than an SPF of 30, and an SPF of 13.7 offers significantly less protection than an SPF of 50.

42.    An SPF of 10 or 13 is considered a low level of sunscreen protection, allowing users to remain in the sun without damage for a significantly shorter period than an SPF of 30 or 50 would allow.

43.    Defendants, as the developers, manufacturers, and exclusive sellers and distributors of the Products, have been aware or should have been aware since the Products' inceptions that the true SPF of the Products was much lower than 30 or 50.

44.    Indeed, Defendants did testing on CeraVe sunscreen prior to the Products being offered for sale and such testing should have made Defendants aware that the Products do not have an SPF rating of 30 or 50.

45.    Despite this, Defendants purposely state on the label a much higher SPF than they could lawfully claim in order to induce the false belief in consumers that they were purchasing a product which provided a high level of SPF.

46.    At no time did Defendants advise either Plaintiff or putative class members that their sunscreen contained less UV protection than Defendants otherwise advertised.

47.    Plaintiff and class members purchased the sunscreen with no reason to suspect or know that the sunscreen contained less UV protection than Defendants otherwise advertised and stated in writing on the product label.

48.     Defendants possessed proprietary knowledge regarding the data and information concerning the chemical formula and performance of the sunscreen which Plaintiff and class members could not and did not review.

49.     Indeed, the Products are credence goods because their properties and purported benefits cannot be independently assessed or verified by the consumer at the time of purchase and such properties and benefits are made known to consumers only through the information provided on the label by the products' manufacturer and distributor. *See* Richard A. Posner, *An Economic Approach to the Law of Evidence*, 51 STAN. L. REV. 1477, 1489 (1999) ("A good is a credence good if the consumer cannot readily determine its quality by inspection or even use, so that he has to take its quality 'on faith.'").

50.     In purchasing the Products, Plaintiff and the class members had no choice but to necessarily and justifiably rely upon the written statements on the Products as accurate.

51.     Had Plaintiff known that the actual SPF rating of the Products was substantially lower than what Defendants stated on the product labels, Plaintiff would not have purchased the Products or would not have paid as much for the Products.

52.     As the direct and proximate result of Defendants' false and misleading statements and omissions, Plaintiff and class members have suffered economic injury by being deprived of the full intended use of the purchased product and have been deprived of the benefit of the bargain they were promised by Defendants.

53.     By marketing, selling and distributing the Products to purchasers in New Jersey and throughout the United States, Defendants made actionable statements that the sunscreen contained the advertised UV protection and at all times failed to disclose that the Products did not in fact contain SPF 30 or 50 as stated on the label.

54.     Defendants engaged in the above-described actionable statements, omissions and concealments with knowledge that the representations were false and/or misleading, and with the intent that consumers rely upon such concealment, suppression and omissions.

55.     Alternatively, Defendants were reckless in not knowing that these representations were false and misleading at the time they were made.

56.     As the distributors, marketers, producers, manufacturers, and sellers of the Products, Defendants possessed proprietary knowledge regarding the data and information concerning the chemical formula and performance of the sunscreen which Plaintiff and class members could not and did not review.

57.     Plaintiff's state law claims are based on misleading statements that violate FDA regulations. Such claims do not seek to impose any additional or different obligations beyond those already required by such FDA regulations.

58.     Such parallel state claims alleging affirmative violations of FDA regulations are expressly permitted by 21 U.S.C. §343-1(a).

59.     Further, Plaintiff's claims arise, *inter alia*, from "front of the box" statements and symbols which are not regulated by the Nutrition Labeling and Education Act.

## CLASS ALLEGATIONS

60.     Plaintiff seeks to bring this case as a class action, pursuant to Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Procedure.

61.     Plaintiff seeks certification of a nationwide class (the "Nationwide Class" or the "Class") defined as follows:

> All persons who purchased CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and/or CeraVe Body Lotion SPF 30 in the United States.

62.     Additionally, or alternatively, Plaintiff seeks certification of the following sub-class (the "State Subclass" or the "Subclass"), defined as follows:

> New Jersey Subclass: All persons who purchased CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and/or CeraVe Body Lotion SPF 30 in New Jersey.

63.     Excluded from any Class[9] are Defendants, their affiliates, employees, officers and directors, persons or entities that purchased the sunscreen for purposes of resale, and the Judge(s) assigned to this case.

64.     Plaintiff reserves the right to amend or modify the proposed class definitions in connection with a motion for class certification or as warranted by discovery.

65.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria set forth in Federal Rule of Civil Procedure 23.

66.     The members of the Class and Subclass for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

67.     Upon information and belief, the proposed Nationwide Class is composed of tens or hundreds of thousands of persons and the State Subclass is composed of at least thousands of persons.

68.     No violations alleged in this complaint are a result of any oral communications or individualized interaction of any kind between Class members and Defendants.

69.     Rather, all claims in this matter arise from the identical, false, written affirmative statements on the product label as outlined in detail herein.

70.     There are common questions of law and fact affecting the rights of all Class members, including, *inter alia*, the following:

---

[9] The term "Class" as used herein includes the Nationwide Class and the Subclass.

- The actual SPF of CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and CeraVe Body Lotion SPF 30;

- Whether Defendants' act in placing a uniform written statement on the label of the product, stating "SPF 30" or "SPF 50" was a false, affirmative statement of fact; and

- Whether Plaintiff and members of the Class suffered damages and the appropriate measure of that loss.

71.    Plaintiff is a member of the Class and Subclass he seeks to represent.

72.    The claims of Plaintiff are not only typical of all Class and Subclass members; they are identical of the members of the Class and Subclass he seeks to represent.

73.    All claims of Plaintiff and the Class and Subclass arise from the same identical, false, written statement of affirmative fact on the CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and CeraVe Body Lotion SPF 30 labels as described herein.

74.    All claims of Plaintiff and the Class and Subclass are based on the same legal theories.

75.    Plaintiff has no interest antagonistic to, or in conflict with, the Class or Subclass.

76.    Plaintiff will thoroughly and adequately protect the interests of the Class and Subclass he or she seeks to represent, having retained qualified and competent legal counsel to represent himself and the Class and Subclass.

77.    Defendants have acted and refused to act on grounds generally applicable to the Class and Subclass, thereby making appropriate injunctive and declaratory relief for the Class and Subclass as a whole.

16

78.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

79.     A class action is the only practical, available method for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each Class member were small per container purchased and, as such, individual actions are not economically feasible.

80.     Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CLAIM FOR RELIEF

### BREACH OF WARRANTY

### On Behalf of the Nationwide Class and New Jersey Subclass

81.     Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

82.     Defendants sold the Products in their regular course of business.  Plaintiff and the Class and Subclass members purchased CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and/or CeraVe Body Lotion SPF 30.

83.     Defendants made promises and representations in an express warranty provided to all consumers, which became the basis of the bargain between Defendants and Plaintiff and each Class and Subclass member.

84.     Defendants gave these express warranties to Plaintiff and each Class and Subclass member in written form on the labels on the Products.

85.     Defendants' written affirmations of fact, promises, and/or descriptions as alleged are each a written warranty.

86.    Defendants breached the warranty because the uniform written statement on each container of CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and CeraVe Body Lotion SPF 30 claiming an SPF of 30 or 50 is false as the Products did not contain the properties Defendants represented.

87.    The false SPF information provided on the label was false when the sale took place and was undiscoverable to Plaintiff and the Class and Subclass members at the time of purchase.

88.    All conditions precedent to seeking liability under this claim for breach of express warranty have been performed by or on behalf of Plaintiff and the Class and Subclass in terms of paying for the goods at issue. Defendants had actual and/or constructive notice of the false labeling information and to date have taken no action to remedy their breaches of express warranty.

89.    Defendants were on notice of their breaches of express warranty by virtue of the *Consumer Reports* article referenced herein.

90.    Further, Defendants previously knew or should have known of the falsity of the label on the Products, due to, *inter alia*, Defendants' testing of the product.

91.    Defendants have refused or failed to remedy such breaches.

92.    By placing the Products in the stream of commerce, and by operation of law and the facts alleged herein, Defendants also warranted to Plaintiff and Class and Subclass members that the sunscreen was accurately labeled in conformance with the law.

93.    Defendants' breaches of warranty have caused Plaintiff and Class members to suffer injuries, by paying too much for falsely labeled products that did not perform as warranted, and entering into transactions they would not have entered into for the consideration paid. As a direct and proximate result of Defendants' breaches of warranty, Plaintiff and Class and Subclass members have suffered damages and continue to suffer damages, including economic damages in

terms of the difference between the value of the product as promised and the value of the product as delivered.

94.    As a result of the breach of these warranties, Plaintiff and Class and Subclass members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate, for an amount to compensate them for not receiving the benefit of their bargain.

### SECOND CLAIM FOR RELIEF

### BREACH OF IMPLIED CONTRACT AND VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### On Behalf of the Nationwide Class and New Jersey Subclass

95.    Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

96.    By operation of law, there existed an implied contract for the sale of CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and CeraVe Body Lotion SPF 30 between Defendants and Plaintiff and each Class and Subclass member who purchased the Products.  This implied contract arose from, inter alia, Plaintiff's purchase of Defendants' sunscreen in reliance on the SPF claims made by Defendants on the label.

97.    Alternatively, Plaintiff and the Class members were third-party beneficiaries of the contracts between Defendants and their retailers, as Defendants knew Plaintiff's and each Class member's purpose for purchasing the sunscreen – to provide protection from the sun.

98.    By operation of law, there existed an implied duty of good faith and fair dealing in each such contract.

99.     By the acts alleged herein, Defendants have violated that duty of good faith and fair dealing, thereby breaching the implied contract between Defendants and Plaintiff and each Class and Subclass member.

100.    As a result of that breach, Plaintiff and each Class and Subclass member suffered damages.

## THIRD CLAIM FOR RELIEF

### DISGORGEMENT/RESTITUTION

### On Behalf of the Nationwide Class and New Jersey Subclass

101.    Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

102.    Plaintiff and the Class and Subclass members have conferred substantial benefits on Defendants by purchasing CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and/or CeraVe Body Lotion SPF 30, and Defendants have knowingly and willingly accepted and enjoyed these benefits.

103.    Defendants either knew or should have known that the payments rendered by Plaintiff and the Class and Subclass members were given and received with the expectation that the Products would be as represented and warranted.  For Defendants to retain the benefit of the payments under these circumstances is inequitable.

104.    Through deliberate misrepresentations or omissions in connection with the advertising, marketing, promotion, and sale of the Products, including representing that the Products had an SPF of 30 or 50, Defendants reaped benefits, which resulted in each Defendant wrongfully receiving profits.

105.    Equity demands disgorgement of Defendants' ill-gotten gains.  Defendants will be unjustly enriched unless Defendants are ordered to disgorge those profits for the benefit of Plaintiff and the Class and Subclass members.

106.    As a direct and proximate result of Defendants' wrongful conduct and unjust enrichment, Plaintiff and the Class and Subclass members are entitled to restitution from Defendants and institution of a constructive trust disgorging all profits, benefits, and other compensation obtained by Defendants through this inequitable conduct.

## FOURTH CLAIM FOR RELIEF

### NEW JERSEY CONSUMER FRAUD ACT, N.J.S.A. 56:8-1 *et seq.*

### On Behalf of the New Jersey Subclass

107.    Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

108.    The New Jersey Consumer Fraud Act clearly applies to all sales of CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and CeraVe Body Lotion SPF 30 sold in New Jersey.

109.    The NJCFA was enacted to protect consumers against sharp and unconscionable commercial practices by persons engaged in the sale of goods or services.

110.    N.J.S.A. 56:8-2 of the NJCFA prohibits "unlawful practices," which are defined as:

> "The act, use or employment of any unconscionable commercial practice, deception, fraud, false pretense, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission … whether or not any person has in fact been misled, deceived or damaged thereby…."

111.    By the acts alleged herein, Defendants have violated the CFA.

112.    Specifically, Defendants have made identical false written misstatements of affirmative fact to Plaintiff and each member of the New Jersey Subclass on the label of each container of the products sold in New Jersey, as outlined previously.

113.    These statements were false when made and Defendants knew that these statements were false when made, as described hereinabove.

114.    As a result of these false, written affirmative misstatements of material fact, Plaintiff and each member of the New Jersey Subclass have suffered an ascertainable loss.

115.    Specifically, Plaintiff and each member of the New Jersey Subclass have been deprived of the benefit of the promised bargain in that Plaintiff and each member of the New Jersey Subclass received something less than what was represented by Defendants on the Products' labels.

116.    Plaintiff also seeks injunctive relief in the form of an order requiring Defendants to display an accurate SPF value on their sunscreens.

### FIFTH CLAIM FOR RELIEF

### NEW JERSEY TRUTH IN CONSUMER CONTRACT, WARRANTY AND NOTICE ACT N.J.S.A. 56:12-14 *et seq.*

### On Behalf of the New Jersey Subclass

117.    Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

118.    Plaintiff and each the member of the New Jersey Subclass are "consumers" within the meaning of N.J.S.A. 56:12-15 and 16.

119.    Defendants are "sellers" within the meaning of N.J.S.A. 56:12-15 and 16.

120.    The product labels on CeraVe Body Lotion SPF 50, CeraVe Face Lotion SPF 30, and CeraVe Body Lotion SPF 30 are both a consumer "notice" and "warranty" within the meaning of N.J.S.A. 56:12-15 and 16.

121.    By the acts alleged herein, Defendants have violated N.J.S.A. 56:12-15 and 16 because, in the course of Defendants' business, Defendants have displayed and/or offered written consumer notices and warranties to Plaintiff and each member of the New Jersey Subclass which contained provisions which violated their clearly established legal rights under New Jersey state law, within the meaning of N.J.S.A. 56:12-15 and 16.

122.    Pursuant to N.J.S.A. 56:12-17, this class complaint seeks a statutory penalty of $100 for each New Jersey Subclass member, as well as actual damages and attorneys' fees and costs.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests relief against Defendants as set forth below:

    a.  Certify the proposed Nationwide Class and Subclass as class actions pursuant to Federal Rule of Civil Procedure 23;

    b.  Appoint Plaintiff as representative of the applicable Class and Subclass;

    c.  Appoint Plaintiff's Counsel as co-lead counsel for the Class and Subclass;

    d.  Enter an order for injunctive and declaratory relief as described herein;

    e.  Enter judgment in favor of each Class member for damages suffered as a result of the conduct alleged herein and/or restitution, to include interest and pre-judgment interest;

    f.  Award Plaintiff reasonable attorneys' fees and costs; and

    g.  Grant such other and further legal and equitable relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated:  February 20, 2018

By:

Ross H. Schmierer  (RS7215)
Stephen P. DeNittis
Joseph Osefchen
Shane Prince
**DeNITTIS OSEFCHEN PRINCE, PC**
315 Madison Avenue, 3rd Floor
New York, New York 10017
Telephone: (646) 979-3642
Fax: (856) 797-9978
Email: rschmierer@denittislaw.com

Janine Lee Pollack
**WOLF HALDENSTEIN**
   **ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Fax: (212) 686-0114
Email: pollack@whafh.com

Theodore B. Bell
Carl V. Malmstrom
**WOLF HALDENSTEIN**
   **ADLER FREEMAN & HERZ LLC**
70 W. Madison St., Suite 1400
Chicago, IL 60602
Telephone: (312) 984-0000
Fax: (312) 214-3110
Email: tbell@whafh.com
Email: malmstrom@whafh.com

*Counsel for Plaintiff and the Proposed Class*