# EXHIBIT A

(Order and Opinion)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAURA CARROL et al, Individually and )
on Behalf of All Others Similarly Situated, )
                                                                )
                             Plaintiffs, )
                                                               )   No. 17-cv-05828
v.                                                           )
                                                               )   Hon. Charles R. Norgle
S.C. JOHNSONS & SON, Inc. and VMG )
PARTNERS, LLC, )
                                                               )
                           Defendants. )

## OPINION AND ORDER

Plaintiffs Laura Carroll, Katherine Exo, Armand Ryden, and Katharine Shaffer ("Plaintiffs") bring this putative class action against Defendant S.C. Johnson & Son, Inc. ("Johnson" or "Plaintiff") and VMG Partners, LLC, for allegedly marketing the Babyganics mineral-based sunscreens with a false Sun Protection Factor ("SPF") rating.[1] Lauran Carroll and Katherine Exo are citizens of Illinois and residents of Cook County. Armand Ryden is a citizen of California, Katharine Shaffer is a citizen of Washington, and Defendant is a privately-held Wisconsin corporation. Plaintiffs allege: breach of warranty (Count I) on behalf of a nationwide class and subclasses; breach of implied contract and violation of the implied covenant of good faith and fair dealing (Count II) on behalf of a nationwide class and subclasses; disgorgement/restitution (Count III) on behalf of a nationwide class and subclasses; violation of California Unfair Competition Law (Count IV) on behalf of the California Subclass; violation of

---

[1] SPF is a measure of how much solar energy (UV radiation) is required to produce sunburn on protected skin relative to the amount of solar energy required to produce sunburn on unprotected skin. U.S. Food & Drug Administration, https://www.fda.gov/aboutfda/centersoffices/officeofmedicalproductsandtobacco/cder/ucm106351.htm (last visited Mar. 26, 2018).

California Consumers Legal Remedies Act (Count V) on behalf of the California Subclass; violation of Illinois Consumer Fraud and Deceptive Business Practices (Count VI) on behalf of the Illinois Subclass; and violation of Washington Unfair Business Practices (Count VII) on behalf of the Washington Subclass. On July 26, 2016, Defendant purchased the entire Babyganics line of products from VMG Partners, LLC. On October 26, 2017, Plaintiffs voluntarily dismissed their claims solely against Defendant VMG Partners, LLC without prejudice. Before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) and Motion to Strike pursuant to Rule 12(f). For the following reasons, Defendant's motions are denied.

## I. BACKGROUND

Plaintiffs allege that Consumer Report published an article stating that 43% of sunscreen products fail to meet the SPF claim on the label and that 74% of mineral-based sunscreens tested did not meet their SPF claim. Here, Defendant is the manufacturer and distributor of a Babyganics mineral-based sunscreen lotion SPF 50+ (the "Lotion") and a Babyganics mineral-based sunscreen spray SPF 50+ (the "Spray") (collectively the "Products"). Plaintiffs allege they are some of the hundreds of thousands of consumers who have purchased the Lotion and the Spray which are sold nationwide. The named Plaintiffs are consumers only of the Lotion, which they purchased from retail outlets, rather than directly from Defendant. Plaintiffs allege that the Spray and Lotion are practically identical in all matters relevant to their claims. Plaintiffs argue that the only difference between the Products is the method the product is applied to the skin.

Defendant advertises the Products to have an SPF rating of 50+ which are printed on the bottles. Plaintiffs allege that Consumer Reports conducted testing on the Lotion which indicated that the product actually only had an SPF of 25. Plaintiffs also completed their own independent

testing on both the Spray and the Lotion, in compliance with all FDA testing methods, and that the results of their own testing demonstrated that the actual SPF rating for the Lotion was no higher than 30, possibly much lower.

Plaintiffs allege that Defendant knew or should have known from its own testing that their SPF was not 50+. The Complaint alleges that Defendant then misrepresented the actual SPF rating by falsely advertising the Products as having a SPF rating of 50+. Plaintiffs allege that since SPF of 30, possibly lower, provides less sunscreen protection than SPF 50+, they would not have purchased the Products, or paid less, had they known the actual SPF rating of the Products. Plaintiffs state that Defendant continues to manufacture, distribute, advertise, and sell the Products with the 50+ SPF rating.

## II. ANALYSIS

### A. Standard of Review

A motion under Rule 12(b)(6) tests the sufficiency of the complaint under the plausibility standard, Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570 (2007), not the merits of the suit. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). "[A] plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Twombly, 550 U.S. at 556). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Id at 935. (quoting Twombly, 550 U.S. at 556). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in a plaintiff's complaint, and draws all reasonable inferences in his favor. Burke v. 401 N. Wabash

3

Venture, LLC, 714 F.3d 501, 504 (7th Cir. 2013) (citations omitted). "[T]he complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." EEOC v. Concentra Health Servs., 496 F.3d 773, 776 (7th Cir. 2007).

## B. Federal Preemption of Plaintiffs' Claims

Defendant first argues that the entire Complaint fails because Plaintiffs are preempted from relying on the Consumer Reports test results. Defendant's argument for dismissal based on federal preemption is properly addressed under Fed. R. Civ. P. 12(b)(6). See Turek v. Gen. Mills, Inc., 662 F.3d 423, 425 (7th Cir. 2011). The Seventh Circuit has "treated federal preemption as an affirmative defense upon which the defendant bears the burden of proof and presumably the burden of persuasion, even if no additional facts must be proven and the issue is only a question of law." Russian Media Grp., LLC v. Cable Am., Inc., 598 F.3d 302, 309 (7th Cir. 2010). Both parties agree that the FDA regulates the SPF testing procedures and labeling requirements for the Products. see 21 C.F.R. § 201.327. The FDA regulates products under the Food Drug and Cosmetics Act ("FDCA") which expressly preempts claims seeking to enforce state requirements that differ from those established by the FDA. 21 U.S.C. § 379r(a). The FDCA does not provide a private right of action; however, states can impose the identical requirement or requirements, and thus can effectively enforce a violation of the Act as a violation of state law. Turek, 662 F.3d at 426.

Plaintiffs do not dispute Defendant's assertion that the Consumer Reports' testing does not strictly adhere to the FDA's detailed testing protocol. However, Plaintiffs do not seek to use the Consumer Report test results as the basis for their allegations that the Products do not have a SPF rating of 50+ and therefore are improperly labeled and marketed. Rather, as repeated in their

4

Response. Plaintiffs allege that the basis for their claims is the independent testing they conducted which established that the SPF rating of the Products is actually 30 or less. Moreover, Plaintiffs allege that their independent testing complies with the standard that federal regulators adhere to in determining whether a product label accurately states the product's SPF rating. In sum, Plaintiff's claims do not rely on the Consumer Reports test results, as argued by Defendants. The sufficiency of these allegations are discussed *infra*. Accordingly, the Court concludes that at this stage of the proceeding, Plaintiff's claims are not preempted under the FDCA.

### C. The Sufficiency of Plaintiffs' Allegations Regarding Their Independent Testing

Defendant argues that Plaintiffs have failed to sufficiently alleged the details of their independent testing and that they are required to attach those test results to the Complaint. Defendant, in its Motion does not cite any cases to support its claim that Plaintiffs must attach the test results. In federal court a complaint must pass satisfy the notice pleading standard articulated above. Courts in this district have held that plaintiffs can sufficiently allege mislabeling claims based on preliminary testing that was not completed in compliance with FDA standards. See Gubala v. HBS Int'l Corp., No. 14 C 9299, 2016 WL 2344583 (N.D. Ill. May 4, 2016); Gubala v. CVS Pharmacy, Inc., No. 14 C 9039, 2016 WL 1019794 (N.D. Ill. Mar. 15, 2016) (holding defendants were on sufficient notice of the claims they faced despite the complaints not alleging test results based on FDA required standards.)

Here, Plaintiff alleges that it conducted FDA compliant independent testing on the Lotion and the Spray; that the results of these independent tests showed that these two products have an SPF rating of 30 or less; and, Defendant currently markets these two sunscreens as having a SPF rating of 50+. Based on the Complaint, Defendant is on notice as to what specific products are at

5

issue, the alleged fault of these two products, and the alleged conduct of Defendant to which Plaintiff complains, *i.e.* improper marketing. Accordingly, Plaintiff have alleged sufficient details regarding the independent testing of the Products to overcome Defendant's motion to dismiss.

### D. Plaintiff's Standing to Seek Injunctive Relief

Next, Defendant argues that Plaintiffs lack standing to pursue injunctive relief. To satisfy Article III's standing requirements, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Environmental. Servs. (TOC), Inc., 528 U.S. 167, 180-81, (2000). "[A] plaintiff in search of prospective equitable relief must show a significant likelihood and immediacy of sustaining some direct injury." Sierakowski v. Ryan, 223 F.3d 440, 443 (7th Cir. 2000).

Here, Plaintiff generally pleads injunctive relief and does not make any specific demands to which type of injunctive relief sought. Nonetheless, Defendant argues that since Plaintiffs are aware of its alleged fraudulent sales practice, Plaintiffs are precluded from seeking any injunctive relief. Defendant cites Camasta v. Jos. A. Bank Clothiers, 761 F.3d 732, 741 (7th Cir. 2014) for the proposition that a plaintiff is not entitled to injunctive relief when he is aware of defendant's deceptive sales practice. Defendant, however, overstates the ruling in Camasta. To accept the Defendant's interpretation of Camasta would precludes standing for injunctive relief in practically all false advertising cases. See Muir v. NBTY, Inc., 2016 WL 5234596, at *10 (N.D. Ill. Sept. 22, 2016) (noting that a complaint which alleges that "defendants continue to

6

advertise, distribute, label, manufacture, market, and sell the products in a false, misleading, unfair, and deceptive manner" is sufficient to establish at the 12(b)(6) stage in the proceedings that the plaintiff has standing to seek injunctive relief.); see also Le v. Kohls Dep't Stores, Inc., 160 F. Supp. 3d 1096, 1111 (E.D. Wis. 2016) (stating that plaintiff alleging that defendant continues to engage in a company-wide pervasive marketing campaign implemented across the nation was sufficient to let the plaintiff seek injunctive relief at the pleadings stage.)

Here, Plaintiff alleges that Defendant continues to manufacture, distribute, and deceptively label and advertise the Products as having a 50+ SPF rating when Plaintiffs' alleged test results indicate a much lower SPF. These allegations are sufficient to plead standing for injunctive relief. Moreover, Plaintiffs' allegations are also distinguishable from Camasta, where the plaintiff asserted a conclusory allegation that "there [was] a substantial danger that [defendant's] wrongful retail practices [would] continue. Camasta v. Jos. A Bank Clothiers, Inc., WL 474509, at *6 (N.D. Ill. Feb. 7, 2013). Accordingly, the Court rejects Defendant's argument that Plaintiff's claim for injunctive relief must be dismissed at this early stage in the proceedings.

### E. Plaintiffs' Standing to Pursue Claims on the Spray

Next, Defendant argues that claims relating to the Spray should be dismissed for lack of standing because none of the named Plaintiffs purchased it. The Court disagrees. Standing is the "threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). It is well established that "a person cannot predicate standing on injury which he does not share." Payton v. Cty. of Kane, 308 F.3d 673, 682 (7th Cir. 2002). There is no controlling precedent and courts are split on how to proceed regarding standing for claims related to unpurchased products. "However, the majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert

claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." Mednick v. Precor, Inc., 2014 WL 6474915, at *3 (N.D. Ill. Nov. 13, 2014) (quoting Quinn v. Walgreen Co., 958 F. Supp. 2d 533, 541 (S.D.N.Y. 2013); see Ulrich v. Probalance, Inc., 2017 WL 3581183, at *6 (N.D. Ill. Aug. 18, 2017); Wagner v. Gen. Nutrition Corp., 2017 WL 3070772, at *5 (N.D. Ill. July 19, 2017). In Wagner, the court looked at Plaintiff's standing to sue on supplements he did not purchase but contained the same glutamine ingredient which was the basis of the misrepresentation claim. 2017 WL 3070772, at *5. The court held Plaintiff did have standing because the products were substantially similar "while the products have some differences—for example, they come in different forms (a chew or a powder) and different doses (5000 mg like the Product Plaintiff purchased, 2500 mg, or 1500 mg)—nothing in the complaint or the parties' briefs suggests that these differences are material." Id.

Here, the Plaintiff has standing to pursue a claim on both the Lotion and the Spray because they have alleged that the Products are substantially similar products, with no material differences relevant to the claims brought. Both Products are mineral-based sunscreens in Defendant's Babyganic product line. Plaintiffs allege both products are marketed the same way, have near identical packaging, and are both marketed with a SPF rating of 50+. The issue with the Products stem from Plaintiffs' testing results, which allegedly demonstrated that the SPF level of the Products is 30 or less. Thus, the injury suffered by consumers of both products would be purchasing sunscreen that contains less SPF protection than what the product is marketed to have. Based on the Complaint, the only difference between the products is how the sunscreen is dispensed from the container in different forms, either as a lotion or spray. Defendant fails to show how this difference is material for the purpose of Plaintiffs' claims. Accordingly, the

8

Products as described in the complaint, are substantially similar, giving Plaintiffs standing to bring claims based on both of the products.

### F. Plaintiffs Seeking to Bring Claims on Behalf of Nationwide Class

Defendant asks the Court to strike or dismiss Plaintiffs' proposed nationwide warranty, implied contract/implied covenant, and unjust enrichment classes at the pleading stage because of variation in the law from state to state. In a class action, the federal court evaluates a motion to strike class allegations under Rule 23 governing class actions, rather than Rule 12(f) governing motions to strike. Buonomo v. Optimum Outcomes, Inc., 301 F.R.D. 292, 295 (N.D. Ill. 2014). Determining whether Rule 23's requirements are satisfied involves rigorous analysis. Davis v. Hutchins, 321 F.3d 641, 649 (7th Cir.2003). Further, "[b]ecause a class determination decision generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action a decision denying class status by striking class allegations at the pleading stage is inappropriate." Boatwright v. Walgreen Co., 2011 WL 843898, at *2 (N.D. Ill. Mar. 4, 2011)(internal citation omitted).

Other courts in this district have denied motions to dismiss or strike a plaintiff's class claims prior to the plaintiff's motion to certify the class or before a full briefing on the issue is completed. See Mednick v. Precor, Inc., 2014 WL 6474915, at *7 (N.D. Ill. Nov. 13, 2014) (holding that whether a plaintiff has fulfilled Rule 23 class action requirements is not an appropriate inquiry at the motion to dismiss stage); see also Bietsch v. Sergeant's Pet Care Prod., Inc., 2016 WL 1011512, at *11 (N.D. Ill. Mar. 15, 2016) (holding that the defendant's proposed inquiry into the impact of state law variations was premature and noted that defendant's recitation of differences in state law "is not sufficient to demonstrate that a multistate class is per se unworkable."); Wagner v. Gen. Nutrition Corp., 2017 WL 3070772, at *9 (N.D. Ill. July 19,

2017) (Prior to class discovery or the plaintiff's motion to certify the class defendant south to deny the multistate consumer class because it is based on variations in the law from state to state. The court determined that such a ruling would be premature and that material differences in applicable state law can be resolved through different means at the class certification stage.) Accordingly, the Court denies Def's request to strike or dismiss Plaintiffs' nationwide class claims as premature.

### G. Pleading Breach of Implied Contract and Violation of the Implied Covenant of Good Faith and Fair Dealing in the Alternative

Next, Defendant argues that Plaintiff's breach of implied contract and violation of the implied covenant of food faith and fair dealing claim is duplicative and inconsistent with their breach of warranty claim. Fed. R. Civ. P. 8(d)(2) permits Plaintiffs to set out two or more claims in the alternative. "A party may state as many separate claims or defenses as it has regardless of consistency". Fed. R. Civ. P. 8(d)(3). Here, Plaintiffs separately plead their claims for breach of implied contract and violation of the implied covenant of food faith and fair dealing claim. Accordingly, the Court rejects Defendant's argument.

### H. Unjust Enrichment as a Cause of Action Under California Law

Defendant argues that Plaintiff cannot bring a standalone unjust enrichment claims and thus it should be dismissed. "[T]here is no cause of action in California for unjust enrichment." Durell v. Sharp Healthcare, 108 Cal. Rptr. 3d 682, 699 (Cal. App. 2010). However, unjust enrichment is synonymous with restitution and there are several bases for a cause of action seeking restitution. McBride v. Boughton, 20 Cal. Rptr. 3d 115, 121 (Cal. Rptr. 2004). Unjust enrichment and restitution "describe the theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request [and] [t]he return of that benefit is the remedy typically sought in a quasi-contract cause of action." Astiana v. Hain

10

Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015) (internal quotations omitted). When a plaintiff alleges unjust enrichment, a court may "construe the cause of action as a quasi-contract claim seeking restitution." Rutherford Holdings, LLC v. Plaza Del Rey, 166 Cal. Rptr. 3d 864, 872 (Ct. App. 2014). The court in Astiana held that the plaintiff's allegations that the defendant enticed plaintiff to buy the product through a false and misleading label, and that defendant was unjustly enriched as a result, was sufficient to permit the plaintiff's quasi-contract claim proceed. Astiana, 783 F.3d at 762. Notwithstanding the aforementioned cases, the Court at this time declines to become embroiled in analyzing distinctions made among California appellate courts regarding unjust enrichment claims. See C.I.R. v. Bosch's Est., 387 U.S. 456, 465 (1967) (noting that under some conditions, federal authority may not be bound even by an intermediate state appellate court ruling)

Here, Plaintiffs allege that Defendant enticed them to buy the Products by falsely labeling them with a 50+ SPF rating and that, as a result, Defendant was unjustly enriched. Defendant has failed to show that Plaintiffs claim of unjust enrichment must fail as a matter of California law. Accordingly, Plaintiffs' have sufficiently pleaded a claim for unjust enrichment under California law.

### I. Plaintiffs' Actual Pre-suit Notice

Defendant argues that Plaintiffs did not properly state their warranty claims because they failed to allege that they notified Defendant of a breach of warranty. "In general, buyers…must directly notify the seller of the troublesome nature of the transaction or be barred from recovering for a breach of warranty." Connick v. Suzuki Motor Co., 675 N.E.2d 584, 589 (1996) (citing 810 Ill. Comp. Stat. 5/1-201(26)). Attached to Plaintiff's Complaint is a letter that was sent to Defendant two months prior to filing the Complaint. Plaintiffs allege that the letter gave

notice to Defendant regarding the "troublesome nature" of the Products and the necessary identities of the individual who purchased the Products. The Court notes that neither Washington nor California require pre-suit notice where, as alleged here, the plaintiff did not deal directly with the defendant. See Zapata Fonseca v. Goya Foods Inc., 2016 WL 4698942, at *6 (N.D. Cal. Sept. 8, 2016) (citing Greenman v. Yuba Power Prod., Inc., 377 P.2d 897, 900 (1963) ("this [pre-suit] notice requirement does not apply if 'injured consumers' assert a breach of express warranty claim 'against manufacturers with whom they have not dealt.'"); see also Di Pangrazio v. Salamonsen, 393 P.2d 936, 937-38 (Wash. 1964) ("[The Uniform Sales Act] does not provide that notice must be given of the breach of a warranty that arises independently of a contract of sale between the parties."). Plaintiffs have sufficiently pleaded that notice was given to Defendants where necessary.

### J. Recognized Loss under the Illinois Consumer Fraud and Deceptive Business Practices Act

Defendant argues that Plaintiff fails to plead any recognized loss under the ICFA. To plead a violation of the IFCA, a plaintiff must allege "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." Siegel v. Shell Oil Co., 612 F.3d 932, 934 (7th Cir. 2010). The actual damage element of an ICFA claim requires that the plaintiff suffer "actual pecuniary loss." Kim v. Carter's Inc., 598 F.3d 362, 365 (7th Cir. 2010) (citing Mulligan v. QVC, Inc., 888 N.E.2d 1190, 1197 (Ill. App. 2008). "[A]ctual loss may occur if the seller's deception deprives the plaintiff of 'the benefit of her bargain' by causing her to pay more than the actual value of the property." Su Yeun Kim v. Carter's Inc., 598 F.3d 362, 365 (7th Cir. 2010). "Illinois courts have generally allowed damages claims based on diminished value of a product regardless of whether it has yet

malfunctioned, provided the product contains a manifested defect or current condition affecting value." <u>Miller v. William Chevrolet/GEO, Inc.</u>, 762 N.E.2d 1, 10 (Ill. App. 2001)

As stated above, SPF rating is used to determine the efficacy of a sunscreen at limiting the skins absorption of UV radiation and resulting sun burn. SPF ratings with a higher number equate to better protection from the Sun's UV radiation. Here, Plaintiffs allege they bought the Products because of the 50+ SPF rating marketed and advertised by Defendant. Plaintiffs allege that they would not have not bought the Products, or paid as much, if they had known the efficacy was that of a sunscreen rated at 30 SPF or lower. These allegations are sufficient to plead actual damages under the ICFA.

### III.   CONCLUSION

For the aforementioned reasons, Defendant's 12(b)(6) motion to dismiss and its 12(f) motion to strike are denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 29, 2018